HESTER A. BELANGIA ET AL. v. BRANNING MANUFACTURING COMPANY.

(Filed 25 February, 1910.)

**Damages—Title—Evidence—Questions for Court—Instructions.**

> In an action for damages for cutting timber, plaintiff claimed title as heirs at law of T. and R. D., Jr., deraigning title from a 60,000-acre grant to C., and from him to R. D., Sr., the father of T. and R. D., Jr., who conveyed 57,000 acres to one H., leaving a residue of 3,000 acres. R. D., Sr., devised his lands to his sons, T. and R. D., Jr., and his executor in 1823 sold the lands of R. D., among them "1,300 acres, the residue of said C. tract of 3,000 acres," to pay his debts, under a decree of court, and made deed to the purchaser under whom defendants claim by *mesne* conveyances, being purchasers for value. Since the deed of 1823 neither plaintiffs nor those under whom they claimed have exercised ownership of the *locus in quo,* or set up claim thereto, or paid taxes thereon : *Held,* no error to charge the jury, that if they found the facts as testified to, to find for defendants.

WALKER, J., dissenting.

APPEAL by plaintiffs from *Ward, J.,* Fall Term, 1909, of TYRRELL.

The facts are stated in the opinion of the Court.

*Aydlett & Ehringhaus* for plaintiff.
*Pruden & Pruden* and *W. M. Bond* for defendant.

CLARK, C. J. Action for damages for cutting timber. The plaintiffs claim title as heirs at law of Thomas and Richard Davis, Jr. They deraign their title from a grant of 60,000 acres to Josiah Collins, 9 July, 1796, which it is admitted covers the *locus in quo,* and a deed, 11 March, 1809, from Collins to Richard Davis, Sr., for said 60,000 acres. On 27 March, 1809, Richard Davis conveyed 57,000 acres thereof by metes and bounds to Elisha Hassell. He made thereafter several deeds to other parties for land out of said 60,000-acre tract. These were not located, but the defendant contends that, presumably, they conveyed parts of the 3,000 acres which Davis had not conveyed to Hassell. The will of Richard Davis, Sr.,

probated July Term, 1822, devised his lands to his sons, Thomas and Richard Davis, Jr., and under decree of court Richard Halley, administrator of. Richard Davis, Sr., 4 September, 1823, sold "the lands of Richard Davis," among them "1,300 acres, the *residue* of said (Collins) tract of 3,000," and executed title to the purchaser, Enoch Hassell. During all the years from 1823 down to the beginning of this action the plaintiffs and those under whom they claim have exercised no ownership over the *locus in quo,* set up no claim to it and paid no taxes upon it. His Honor correctly told the jury that if they found the facts to be as testified to by the witnesses to find the issue as to title against the plaintiffs. The land was sold to pay the debts of Richard Davis, Sr., and the defendant bought this land years ago from the State Board of Education and paid for it. There was no evidence to warrant the jury in finding a verdict for the plaintiffs.

No error.

WALKER, J., dissenting.